**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

|  |  |
|---|---|
| JAHIR TORRALBA CASTILLO,<br><br>                    Petitioner,<br><br>        v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>                    Respondents. | No. 2:26-cv-04051-AYP<br><br>**ORDER GRANTING PETITION AND ISSUING WRIT FOR HABEAS CORPUS** |

## I.    SUMMARY

Petitioner Jahir Torralba Castillo ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto Detention Center. In this habeas action, Petitioner challenges the legality of his detention and continued civil confinement, asserting that Respondents violated the Due Process Clause of the Fifth Amendment by applying 8 U.S.C. § 1225(b)(2) to bar Petitioner from receiving a bond redetermination hearing before an immigration judge. Petitioner argues that Section 1225(b)(2)(A) does not apply to individuals, like Petitioner, who are present in the United States. Petitioner asserts that such individuals are subject to detention under a different statute, § 1226(a), and are eligible for release on

bond. Petitioner further alleges that his continued detention, without a *bona fide* bond redetermination hearing to determine whether he is a flight risk or danger to others, violates his right to due process.

Having reviewed the record, and consistent with several recent decisions in this District, the Court concludes that Petitioner's detention on or about November 16, 2025—and Respondents' subsequent refusal to provide him with the appropriate pre-deprivation process due at the time of his detention—violated due process. Accordingly, the Court ORDERS that the Petition be granted, and a writ of habeas corpus be issued requiring Petitioner's immediate release and prohibiting future re-detention absent adequate pre-deprivation notice and an individualized hearing.

## II.    FACTS AND PROCEDURAL HISTORY

Petitioner represents that he has resided in the United States since on or about the year 2001 in Los Angeles, California. (Dkt. No. 1 ¶46.)  Petitioner asserts that he has no criminal history and has been steadily employed during the time that he has resided in the United States. (Dkt. No. 1 ¶50.) Petitioner also represents that he has a wife and two minor children who are all United States citizens. *Id*. Petitioner asserts that he was arrested by immigration authorities on or about November 16, 2025. (Dkt. No. 1 ¶1.)

Petitioner represents that, upon his detention, he was placed in removal proceedings and was charged as having entered the United States without inspection under 8 U.S.C. § 1182(a)(6)(A)(i), § 1182(a)(7)(A)(i). (Dkt. No. 1 ¶48.) Petitioner had a custody redetermination hearing before and immigration judge ("IJ") on April 14, 2026. (Dkt. No. 1-2.) At the hearing, the IJ declined to hear Petitioner's bond request, reasoning that "the respondent is a member of the *Maldonado Bautista* class…As such, the Court cannot find jurisdiction to hear the respondent's bond request." *Id*. Respondents subsequently scheduled a bond hearing on Petitioner's prolonged detention, set to take place on April 27, 2026

pursuant to *Rodriguez v. Robbins*, 804 F.3d 1060, 1089 (9th Cir.2015), rev'd sub nom. *Jennings v. Rodriguez*, 583 U.S. 281 (2018). (Dkt. No. 10-1.) Petitioner represents that an IJ ordered him removed on April 23, 2026, from which date Petitioner has thirty (30) days to appeal the IJ's decision before the Board of Immigration Appeals. (Dkt. No. 11 and 11-1.)  Petitioner remains in detention at the Adelanto Detention Center as of the filing of his Reply on April 27, 2026. (Dkt. No.1 and 11.)

Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241 on April 15, 2026. (Dkt. No. 1.) Respondents filed their Answer (the "Answer") on April 23, 2026. (Dkt. No. 10.) Petitioner filed a Reply (the "Reply") on April 27, 2026. (Dkt. No. 11.) Both parties have consented to proceed before the Magistrate Judge. The matter is now fully briefed and submitted for decision.

## III.    DISCUSSION

Petitioner argues that his detention and continued civil confinement violate the Fifth Amendment's guarantee of due process because Respondents revoked his liberty and erroneously applied 8 U.S.C. § 1225(b)(2) to bar Petitioner from receiving the bond redetermination hearing before an immigration judge to which he was constitutionally entitled. Petitioner further contends that Respondents' failure to provide Petitioner with the appropriate pre-deprivation process due at the time of his detention is in violation of his due process rights. Petitioner therefore seeks immediate release or the bond hearing to which he is entitled within fourteen (14) days, arguing that Respondents' actions contravened the procedural protections the Constitution requires before depriving an individual of liberty.

The Respondents argue that a bond hearing on Petitioner's prolonged detention pursuant to *Rodriguez v. Robbins*, 804 F.3d 1060, 1089 (9th Cir.2015), *rev'd sub nom. Jennings v. Rodriguez*, 583 U.S. 281 (2018) is the appropriate

3

remedy to the harms alleged in the Petition. Respondents contend that although Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, --- F. Supp. 3d ---, 2025 WL 3713982 (Dec. 18, 2025), and amended and superseded on reconsideration, --- F. Supp. 3d ---, 2025 WL 3713987 (Dec. 18, 2025), the government has scheduled Petitioner for a *Rodriguez* bond hearing and "that is the appropriate remedy available to Petitioner." Respondents do not address Petitioner's due process claim or other claims.

### A. The Court Has Subject Matter Jurisdiction

This Court has subject matter jurisdiction. 28 U.S.C. § 2241 "makes the writ of habeas corpus available to all persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Trinidad y Garcia v. Thomas,* 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (quoting 28 U.S.C. § 2241(c)(3)). "The writ of habeas corpus historically provides a remedy to noncitizens challenging executive detention." *Id.* (citing INS v. St. Cyr, 533 U.S. 289, 301–03 (2001)). Accordingly, 8 U.S.C. § 1252(g) does not bar review here. The Court has subject matter jurisdiction over Petitioner's habeas claims because § 2241 remains an available forum for statutory and constitutional challenges to detention. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Having established jurisdiction, the Court turns to the merits of Petitioner's due process claim.

### B. Petitioner's Detention Violates Due Process.

Petitioner argues that Respondents' failure to provide him with the adequate pre-deprivation process due following his sudden detention—after residing freely, with no criminal convictions or unlawful violations in the United States for more than twenty years—violates the Fifth Amendment's guarantee of due process. As an initial matter, the Court observes that Respondents did

4

not respond to Petitioner's due process claim in their Answer to the Petition. (Dkt. No. 10.) Consistent with precedent, courts in this Circuit have regarded such silence as a concession. *See e.g., Soleimani v. Larose*, No. 25-CV-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession). Nevertheless, the Court independently evaluates the merits of Petitioner's due process challenge and concludes that his detention violates Fifth Amendment due process.

The Fifth Amendment protects all persons in the United States, including noncitizens in removal proceedings, from deprivation of liberty without due process of law. Freedom from physical restraint lies at the core of this protection. *See Zadvydas*, 533 U.S. at 690–91.

The Court agrees with Petitioner that due process principles prohibit Respondents from detaining Petitioner without providing him the requisite pre-deprivation process. Respondents concede that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista* and that Petitioner's claims regarding entitlement to a bond hearing are subject to the *Maldonado Bautista* judgment.

As Respondents concede that Petitioner is a class member entitled to a bond hearing under the reasoning of *Maldonado Bautista*, the Court **grants** the petition for the reasons stated in the orders in that case. *See Maldonado Bautista*, 2025 WL 3713987, at *8-*22.

## IV.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner's

immediate release or Respondents are to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order;[1] (3) The Motion for Temporary Restraining Order is DENIED as MOOT; (4) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has received an individualized bond hearing or has been released from Respondents' custody. Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

IT IS SO ORDERED.

DATED:   May 1, 2026

_____
ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE

---

[1] Consistent with Ninth Circuit precedent, the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("[a]t the outset of its decision, the BIA properly noted that the government bore the burden to established by clear and convincing evidence that [detainee] is a danger to the community"), *id.* at 786 (reiterating that *Singh* found that "due process requires . . . the government to prove dangerousness or risk of flight by clear and convincing evidence"). *See also Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the Government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause). Therefore, the Court requires that the Immigration Judge properly place the burden of proof on Respondents.

6